UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON CHARLES NELSON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES F.B.O.P et al.,<br><br>    Defendants. | Case No. 5:25-cv-02246-SB-ADS<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND |

    Plaintiff Brandon Nelson, a self-represented litigant, filed this action asserting claims under 42 U.S.C. § 1983 against the U.S. Bureau of Prisons (BOP) and several employees at the Federal Correctional Institution (FCI) in Victorville, California, where he is incarcerated. He also requests to proceed in forma pauperis (IFP). The court therefore screens the complaint to determine if it states a claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii) (stating that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"); *see Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (applying Rule 12(b)(6) standard to § 1915(e)).

I.

    Plaintiff alleges that the BOP is violating his right to medical privacy under the Health Insurance Portability and Accountability Act (HIPAA) by supervising his use of prescription medications. He claims that staff members, including the individual defendants, watch him take his medication, know his prescription dosages, check his mouth to ensure the medication has dissolved, and insult him by calling him a "worthless drug addict." Dkt. No. 1 at 4–5 of 6. He brings these claims under § 1983 and seeks damages.

II.

The claims fail as a matter of law.

1. Plaintiff cannot assert a claim under HIPAA. "It is well established . . . that HIPAA itself does not provide a private cause of action."). *Taft v. Ventura Cnty. Med. Ctr.*, No. 21-55216, 2021 WL 6102441, at *1 (9th Cir. Dec. 23, 2021); see also *United States v. Streich*, 560 F.3d 926, 935 (9th Cir. 2009) ("HIPAA does not provide any private right of action . . . .").

2. The § 1983 claims against the BOP and its employees in their official capacities are barred by sovereign immunity. *See Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz,* 601 U.S. 42, 48 (2024) ("[T]he United States, as a sovereign, is generally immune from suits seeking money damages."); *Balser v. Dept. of Justice, Office of U.S. Tr.*, 327 F.3d 903, 907 (9th Cir. 2003) (explaining that suits against federal officers in their official capacity are considered suits against the government and are therefore barred by sovereign immunity).

3. The claims against the employees in their individual capacities fail because § 1983 "requires that the actionable conduct be under color of state law." *Gibson v. United States*, 781 F.2d 1334, 1343 (9th Cir. 1986). Section 1983 claims cannot be brought against federal officers acting under the color of federal law. *Id*; *see also Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995) ("§ 1983 provides no cause of action against federal agents acting under color of federal law . . . ."). Plaintiff does not allege any state action by these federal employees.

4. Even if the Court construes Plaintiff's claim as brought under *Bivens*[1]—which created a remedy against federal officials for certain constitutional violations—his complaint asserts only statutory violations of HIPAA. *See Bothke v. Fluor Eng'rs & Constructors, Inc.*, 834 F.2d 804, 814 (9th Cir. 1987) ("*Bivens* actions lie only for violations of rights secured by the Constitution."). Nor is a *Bivens* remedy otherwise available in this context. *See Egbert v. Boule*, 596 U.S. 482, 486 (2022) (noting that the Supreme Court "has authorized a damages action against federal officials" for alleged constitutional violations in limited contexts);

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

*Mejia v. Miller*, 61 F.4th 663, 669 (9th Cir. 2023) ("Under *Egbert*, rarely if ever is the Judiciary equally suited as Congress to extend *Bivens* even modestly.").[2]

III.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave may be denied, however, when amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The claims in this case are legally frivolous. Allowing leave to amend would therefore serve no purpose. Thus, the complaint is dismissed without prejudice and without leave to amend.

Date: September 16, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[2] Plaintiff also complains that he has been "ridiculed by staff members," who have called him "a worthless drug addict and junkie." Dkt. No 1 at 6. Allegations of verbal harassment are insufficient to state a constitutional claim. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (holding that verbal abuse, including the use of vulgarity, does not support a § 1983 claim); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (noting that "verbal harassment generally does not violate the Eighth Amendment").